BROWN et al. v. UNITED STATES. (Circuit Court, E. D. Virginia. March 14, 1900.) See 81 Fed. 55.

SIMONTON, Circuit Judge. This is an action brought under the provisions of chapter 359, Acts 1887 (24 Stat. 505), giving to this court co-ordinate juris-

diction with the court of claims in a specified class of suits against the United States, when the amount claimed does not exceed $10,000, and is more than $1,000. The petition alleges that certain lands of the petitioners were taken by the United States for public purposes, and it seeks compensation therefor.

Findings of fact: (1) The petitioners are co-partners, engaged in the oyster business. Among other places they planted oysters on York river. (2) They were not riparian proprietors, and so were not limited in territory. Acts Va. 1884, § 6. (3) George Brown obtained a license from the oyster commissioner for 30 acres of land in the bed of York river. The license was in his name, but was used for the purposes of the co-partnership. (4) The petition claims under this license 366 acres, and in parts of this tract they had planted oysters. (5) The officers of the United States, under the provisions of the act of congress, were engaged in dredging the bed of York river for the purpose of improving its navigation and of promoting commerce. (6) It does not clearly appear that in so doing they invaded any part of the 30 acres held by Brown under his license; nor does it appear that Brown had fulfilled all the conditions of the act of assembly under which the license was issued to him. (7) In dredging the channel mud was stirred, mingled in the waters of the river, and, going with the tide, settled on the oysters planted by petitioners, killing them. (8) The chief result was injury to the business of the petitioners. (9) To what extent and value oysters were destroyed does not clearly appear.

Conclusions of law: The same conclusions are reached in this case as in that of Richardson v. U. S. (tried at this term and heard with this case) 100 Fed. 714. The verdict is for defendant. Let judgment be entered accordingly.